UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                          101 West Lombard Street
**George L. Russell, III**                                                      Baltimore, Maryland 21201
Chief United States District Judge                                          410-962-4055

March 3, 2025

MEMORANDUM TO COUNSEL RE:            Courtney Lynn Himes Akkus, et al. v.
                                                                  Rocket Mortgage, LLC
                                                                  Civil Action No. GLR-22-2933

Dear Counsel:

Pending before the Court is Defendant Rocket Mortgage LLC's ("Rocket Mortgage") Rule 72(A) Objection to Magistrate Judge's September 20, 2024 Order (ECF No. 72). The filing is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will overrule Rocket Mortgage's Objection.

The Court provided a complete description of the facts and law at issue in this case in its June 11, 2024 Memorandum Opinion, (ECF No. 26), which it incorporates here by reference. The Court will not repeat that description in its entirety and will instead provide a brief summary.

This class action concerns Rocket Mortgage's alleged violations of the Real Estate Settlement Procedures Act ("RESPA") while managing Plaintiffs' escrow accounts. (Am. Compl. ¶¶ 1, 6, ECF No. 31). Named Plaintiffs Courtney Lynn Himes Akkus, Erkan Akkus, Jonathan Perry, and Lydia Perry (collectively, "Plaintiffs") are homeowners, and Rocket Mortgage is their mortgage servicer. (See id. ¶¶ 53, 34). Specifically, Plaintiffs allege that Rocket Mortgage failed to timely pay taxes, insurance premiums, and other charges due from their escrow accounts in violation of RESPA, 12 U.S.C. § 2605(g) (Count I); and failed to respond to or conduct a reasonable investigation into the Plaintiffs' Qualified Written Requests in violation of RESPA, 12 U.S.C. § 2605(e)(k) and 12 C.F.R. §§ 1024.35, 1024.36 (Counts II & III). (Am. Compl. ¶¶ 91–121). Plaintiffs seek compensatory and statutory damages based on Rocket Mortgage's pattern or practice of noncompliance with RESPA. (Id. ¶¶ 104, 114, 121).

On August 22, 2024, Plaintiffs alerted the Court of an ongoing discovery dispute between the parties. (Aug. 22, 2024 Letter at 1, ECF No. 59). Plaintiffs indicated, among other things, that Rocket Mortgage objected to a production request for information concerning Rocket Mortgage's missed insurance payments governed by RESPA, 12 U.S.C. § 2605(g). (Id.).

On August 26, 2024, the Court referred the discovery dispute to the Honorable Adam B. Abelson, United States Magistrate Judge ("USMJ"). (ECF No. 60). Judge Abelson held a hearing on September 20, 2024, (ECF No. 66), after already being sworn in as a District Judge, and ordered Rocket Mortgage to comply with Plaintiffs' discovery request by October 7, 2024. (Sept. 20, 2024 Order at 2, ECF No. 67).

On October 4, 2024, Rocket Mortgage filed a Rule 72(a) Objection to Judge Abelson's September 20, 2024 Order. (ECF No. 72). That same day, Rocket Mortgage filed a Motion to Stay the discovery deadline pending resolution of their objection, which the Court granted on October 7, 2024. (ECF Nos. 73, 74). On October 15, 2024, Plaintiffs filed a Response and Opposition to Rocket Mortgage's Objections. (ECF No. 77).

Federal Rule of Civil Procedure 72(a) permits United States magistrate judges to enter final orders on nondispositive pretrial matters and allows parties to file objections to any decisions within fourteen days of the date of the order. Fed.R.Civ.P. 72(a), (b)(2). If a party submits objections, a "district judge in the case must consider timely objections and modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); Chu v. Great N. Ins. Co., No. RWT-10-1422, 2014 WL 3810590, at *2 (D.Md. July 31, 2014). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3).

In this case, Judge Abelson was sworn in as District Judge for the United States District Court for the District of Maryland on September 16, 2024, and therefore, was no longer a USMJ when he issued his September 20, 2024 Order.[1] Accordingly, the Court will OVERRULE Rocket Mortgage's Rule 72(a) Objection, finding the objection inapplicable to the instant discovery dispute. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

/s/
_____
George L. Russell, III
Chief United States District Judge

---

[1] United States District Court, District of Maryland, https://www.mdd.uscourts.gov/adam-b-abelson-district-judge#:~:text=The%20Senate%20confirmed%20Judge%20Abelson's,Judge%20on%20September%2016%2C%202024 (last visited, Feb. 27, 2025).